IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:17cr32-RH

AMANDA GIOVANNI,

    Defendant.

_____/

**ORDER DENYING THE MOTION TO
SUPPRESS PAPERS SEIZED AT THE BORDER**

    The defendant Amanda Giovanni, a United States citizen, returned to the United States from abroad on a commercial flight. Border agents seized and copied papers unrelated to her authority to enter the country. She has moved to suppress, asserting agents lacked probable cause or reasonable suspicion to seize, copy, and later examine the papers. She acknowledges that agents may conduct routine searches at the border without probable cause or reasonable suspicion and that this rule applies to individuals arriving from overseas at an international airport. But she says this search was not routine. She relies partly on *Riley v. California*, 134 S.

Ct. 2473 (2014), in which the Court held that the authority to search incident to arrest does not extend to the contents of a cellular telephone.

This case involves a border search, not a search incident to arrest. And this case involves hard copies of documents, not the contents of an electronic device. More importantly, the Eleventh Circuit has squarely held that *Riley* does not apply to border searches and that notwithstanding *Riley*, agents may search the contents of an electronic device at the border without probable cause or reasonable suspicion. That the search takes place at the border is sufficient, without more, to justify the search. *See United States v. Touset*, No. 17-11561, __ F.3d __, 2018 WL 2325350 (11th Cir. May 23, 2018).

To be sure, this part of *Touset* is an alternative holding; the court also said agents had reasonable suspicion to conduct the search at issue there. But alternative holdings are the law of the circuit; they are binding on later panels and, even more clearly, on district courts within the circuit. *See, e.g.*, *Bravo v. United States*, 532 F.3d 1154, 1162 (11th Cir. 2008) ("[I]n this circuit additional or alternative holdings are not dicta, but instead are as binding as solitary holdings.") (collecting authorities). *Touset* is fatal to Ms. Giovanni's motion.

For these reasons,

IT IS ORDERED:

The motion to suppress evidence of papers seized at the border, ECF No. 75, is denied.

SO ORDERED on May 29, 2018.

s/Robert L. Hinkle  
United States District Judge