# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:17cr32-RH

AMANDA GIOVANNI,

    Defendant.

_____/

## ORDER DENYING THE MOTION TO
## SUPPRESS ALICIA-COURT MATERIALS

The defendant Amanda Giovanni has moved to suppress materials seized from her home on Alicia Court during execution of a search warrant. She says there were material omissions from the affidavit that led to the issuance of the warrant and that the warrant did not describe with sufficient particularity the things to be seized. This order confirms the ruling announced on the record of the suppression hearing on May 16, 2018.

The standard governing the challenge to the affidavit is set out in *Franks v. Delaware*, 438 U.S. 154 (1978). To meet that standard, Ms. Giovanni was required to show that the affidavit omitted information that would have affected the conclusion that there was probable cause for the search. This she failed to do. A

judicial officer would have found probable cause based on the truthful statements in the affidavit even if the affidavit had also included the additional information Ms. Giovanni says should have been included.

The warrant described the things to be seized with sufficient particularity. The Eleventh Circuit has made clear that a description is not defective just because it relies in part on a reference to the underlying offense. *See, e.g.*, *United States v. Majors*, 196 F.3d 1206, 1216 (11th Cir. 1999) (business records and "any other evidence . . . of a violation of [18 U.S.C. §§] 1341 and 1343"); *United States v. Santerelli*, 778 F.2d 609, 615 (11th Cir. 1983) ("evidence of loan sharking"). And in any event, the description was not so plainly deficient that officers could not rely on the warrant in good faith. *See United States v. Leon*, 468 U.S. 897 (1984).

For these reasons and those set out on the record of the hearing,

IT IS ORDERED:

The motion to suppress the material seized at Alicia Court, ECF No. 76, is denied.

SO ORDERED on June 25, 2018.

                                          s/Robert L. Hinkle
                                          United States District Judge