# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 5:17cr32-RH

AMANDA GIOVANNI,

    Defendant.

_____/

## ORDER FOR A HEARING ON THE MOTION TO DISMISS

    The Federal Bureau of Investigation executed a search warrant at the defendant Amanda Giovanni's residence. Shortly before return of the indictment that initiated this prosecution, the FBI returned some of the seized materials to Colby Miller, who is expected to be a government witness at the trial. Ms. Giovanni has moved to dismiss the indictment, asserting that the government acted in bad faith in failing to preserve the materials. Alternatively, Ms. Giovanni has moved to compel the government to produce those materials.

    Ms. Giovanni says the materials are within the government's discovery obligations and may be favorable to Ms. Giovanni—exculpatory—within the meaning of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The government asserts none of the materials are discoverable or exculpatory—that instead they were Mr.

Miller's private property, unrelated to the case, and thus properly returned to him. But the government has not submitted a declaration in support of this position. And the government has not explained why, if the materials were unrelated to the case, they were seized in the first place.

A defendant seeking relief based on the government's failure to preserve evidence faces a substantial burden. *See, e.g.*, *Illinois v. Fisher*, 540 U.S. 544, 547-49 (2004); *Arizona v. Youngblood*, 488 U.S. 51, 57-59 (1988); *California v. Trombetta*, 467 U.S. 479, 488-90 (1984); *United States v. Revolorio-Ramo*, 468 F.3d 771, 774-75 (11th Cir. 2006); *United States v. Brown*, 9 F.3d 907, 910 (11th Cir. 1993); *Waterhouse v. Sec'y, Dep't of Corrs.*, No. 8:12-cv-298, 2012 WL 503842, at *9-10 (M.D. Fla. Feb. 15, 2012); *United States v. McMurphy*, No. 1:08-cr-175, 2009 WL 4042901, at *2-4 (M.D. Ala. Nov. 19, 2009). The record as it now stands does not meet that burden. But the record also does not establish the contrary. An evidentiary hearing is warranted.

A government agent should be available to testify at the hearing and to provide as detailed an explanation as possible of the content of the returned materials and the reason for their return.

IT IS ORDERED:

The attorneys must be prepared at the status conference on December 21, 2018 to indicate when they can be prepared for a hearing and to address available dates.

SO ORDERED on December 19, 2018.

s/Robert L. Hinkle  
United States District Judge